**UNITED STATES of America,
Appellee,**

v.

**Mozelle WILLIAMS, Appellant.**

**No. 878, Docket 75-1068.**

United States Court of Appeals,
Second Circuit.

Argued April 1, 1975.

Decided May 2, 1975.

Martin H. Kinney, Merrillville, Ind., for appellant.

Paul B. Bergman, Asst. U. S. Atty. (David G. Trager, U. S. Atty., E. D. New York, of counsel), for appellee.

Before ANDERSON, MANSFIELD and OAKES, Circuit Judges.

PER CURIAM:

The sole issue in this case is the validity of an airport search of appellant's carry-on luggage, a flight bag. Appellant contends that the search was unconsented to, unreasonable and excessive in its scope. Further, he argues that prior to initiating the search, airport authorities should have advised him of his option to leave the airport.

■ On the basis of United States v. Edwards, 498 F.2d 496, 501, 504 (2d Cir. 1974) (Oakes, J., concurring), we hold that there was implied consent to search the carry-on baggage by virtue of the fact that baggage which one does not want to have searched may be consigned to the baggage compartment. Here as in *Edwards, supra,* there was also evidence that the appellant consented expressly to that search.

■ With respect to the scope of the search and, in effect, to the bounds of any implied consent, appellant maintains that any search of his belongings should have been limited to a search for weapons and should therefore have excluded two plastic bags containing a white powder later identified as heroin. But the search here uncovered the two plastic bags at the same time that a one-pound canister with a metal top and bottom was found. The canister could quite rea-

sonably have been thought to be an explosive device, with the two plastic bags containing a necessary ingredient therefor. Under the circumstances, the search was therefore valid, and the judgment is affirmed.